IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NADINE GIDDINGS, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 16-6060 |
| | : | |
| NANCY A. BERRYHILL[1] | : | |
| Acting Commissioner of Social Security | : | |
| Defendant. | : | |
| | : | |

**Jones, II    J.**                                                                                       **September 5, 2018**

## **MEMORANDUM**

Plaintiff Nadine Giddings ("Giddings") alleges that she is disabled and, therefore, entitled to supplemental income under Title XVI of the Social Security Act. Plaintiff commenced the instant action seeking judicial review of the Social Security Administration's decision denying her claim for supplemental income. This Court referred the matter to the Honorable David R. Strawbridge, U.S. Magistrate Judge, for a Report and Recommendation ("R&R"). Presently before this Court are Plaintiff's Objections to the Report and Recommendation of Judge Strawbridge. (ECF No. 14.) After an independent review of the record and the parties' Responses, Plaintiff's objections are overruled and Judge Strawbridge's R&R is approved and adopted in its entirety.

## **RELEVANT BACKGROUND**

Plaintiff brings this present action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), who denied Plaintiff's application for Disability Insurance Benefits ("DIB")

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Berryhill should be substituted for the former Acting Commissioner, Carolyn Colvin, as the defendant in this action.  Plaintiff need not take any further action to continue this suit.  42 U.S.C. § 405(g).

1

under Title II of the Social Security Act, 42 U.S.C. §§ 1302, *et seq*., and for Supplemental

Security Income ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381-1383(f). As no

objections have been made to the facts as presented in the R&R, this Court has largely adopted

the same.

>Giddings protectively filed for SSI and DIB on March 7, 2013 at the age of 55. She asserted an onset date of September 30, 2011. In her application, she stated that her ability to work was limited by degenerative disc disease. From 1996 to 2004, Giddings worked as a "court clerk" in a "list room" in the Court of Common Pleas in Philadelphia. She also previously worked as a childcare provider. At the time of the hearing, she was living alone.

>In her work history report, Giddings described her job descriptions as follows: "carried out all judge's orders, carried large amounts of files and paperwor[k], prepared case for court." In an eight hour shift, she said she walked one hour, stood two hours, and sat for five hours. She also said that she "lifted court files all day, carried them from floor to floor, sometimes pulling like 30 lbs in a cart." She wrote that the heaviest weight she had to lift in this job was twenty pounds, and that she frequently lifted ten pounds. The state agency denied Giddings's claims on May 28, 2013. Giddings requested a hearing, which was granted. An ALJ convened a hearing on March 19, 2015, where Giddings testified, as did a vocational expert ("VE"). When the ALJ asked Giddings to "summarize your duties and responsibilities as a court clerk," she stated:

>>I carried out Judge's orders, I prepped work. Whatever orders the judge gave, I had to do the paperwork and get it to the proper people and then I had to prep work for the next day. That's when I had to go and get the files and have boxes of files. I would have to lift them and spread my sheets all over the tables ripping them to prep the work for court. All the piles, once I got the[m] altogether, I had to rubber band them and sit them out for court that next day. Carry them from the back because most times I prepared my work in the jury room, then I would bring it out to the courtroom. . . . I would sit right here and I would have to look up at the judge because their bench was high. So I would have to look up and pa[y] attention to whatever it was he's assigning me to do. . . . I did a lot of writing, a lot of writing. A lot of standing, a lot of sitting. That's the type of job it was.

>When her attorney asked her about her duties in retrieving files, she testified that:

>>I would go get [files] up where they kept the records at. They would put them on the counter for me. I had a nice gentleman working back there. He would walk them around and put them on

2

> my cart, but most of the time it was females. They just gave them to me over the desk. I had a box for my cart so sometimes I could—they may give me a box. Sometimes I'll just have to lift all of them into my box and drag it. It was like a little cart that the boxes sat on. I may have had two boxes on top of each other if I had a really heavy workroom courtroom.

The VE participated in the hearing telephonically. He began his testimony by classifying the position Giddings described as "court clerk" as "court clerk (government ser.)" which is code 243.362-010 in the Dictionary of Occupational Titles ("DOT"). He explained that he "review[ed] the record and listen[ed] to the testimony" and that "it sounds like it was done at [a] light or medium. I understand she has to push a cart that weighed in excess of 20 pounds. There's also been testimony that she got some help with that. It's customarily performed at sedentary."

After the VE answered the ALJ's hypothetical questions, Plaintiff's counsel challenged the VE's classification of Giddings's prior work as a "court clerk" in the DOT, as she suggested that a "composite job" would be a more accurate depiction of the prior work. A "composite job" (at times called a "compound job" during the hearing) is a position that involves "significant elements of two or more occupations, and, as such, have no counterpart in the DOT."

Plaintiff's counsel began her questioning by challenging the VE's personal knowledge of the court clerk position. She asked the VE how much exposure he had to court clerks at the Court of Common Pleas, to which he responded "I've seen court clerks in those types of environments. . . [but] [n]ot frequently." Plaintiff's counsel then asked the VE whether there was another position in the DOT that entails both the job duties of the court clerk "but also requires as a mandate of court to retrieve the files for a judge in a list room every day." The VE proposed the position of "file clerk, which is a light and semi-skilled job" but stated "In my opinion, the job that we talked about, the court clerk job, is covering that." The VE then proceeded to answer the same series of hypotheticals but under the file clerk position.

The ALJ concluded testimony by asking the VE "are you testifying that those file clerk positions would be part of a composite job or are you listing them as alternative classifications of the work that she did for the court system?" The VE responded:

> I think the court clerk job encompasses the retrieval and the carrying of files. Again, if it's only done on an occasional basis and its less than ten pounds, that occupation is still consistent with sedentary. So, I think the DOT tries to describe the job the way it is. It's the only job as a court clerk. So, it's covering every single court clerk job. There's no way that one job title, especially a job title produced 25 years ago or so, is going to capture every single job accurately that's done in the national economy.

3

> I think that's a correct job. I classified the file clerk job as trying to do due diligence to respond to the representative's questions. Is it my opinion that it's a compound job necessarily? No, I think a file clerk job is different than a court clerk job, but I'm not going to dispute that part of that job was retrieving files and if they weighed more than even 20 pounds. It's not my job to discredit the claimant's testimony what the past job was.
>
> I did not observe that job and I have no interest or reason to dispute that it's not done the way the claimant described it. But the representative thinks it's a compound job, I don't know if that's really precise the way a vocational expert would look at that.

In a decision dated April 20, 2015, the ALJ explained that Giddings was not disabled in that even if limited to a range of sedentary work, she could perform her past relevant work as a "court clerk." The Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.

(ECF No. 13, p. 2-5.)

## **STANDARD OF REVIEW**

Objections to a magistrate judge's Report and Recommendation are entitled to *de novo* review. 28 U.S.C. § 636(b)(1)(C). A district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by Judge Strawbridge judge." *Id.* However, the review of a final decision of the Social Security Commissioner is deferential and is limited to determining whether the Commissioner's decision is supported by "substantial evidence." 32 U.S.C. §§405(g), 1382(c)(3); *see also Jenkins v. Comm'r of Soc. Sec.*, 192 F. App'x 113, 114 (3d Cir. 2006). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (quoting *Pierce v. Underwood*, 487 U.S. 522, 565 (1988)). In terms of the traditional burdens of proof, substantial evidence is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence." *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971). In assessing whether substantial

evidence supports an ALJ's decision a court must consider all evidence of record regardless of whether the ALJ cited to it. *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir. 1981).

## DISCUSSION

Plaintiff objects to Judge Strawbridge's R&R on two grounds: (1) Judge Strawbridge erroneously employed the substantial evidence standard instead of the plenary review standard; and (2) Judge Strawbridge erred in failing to review the ALJ's determination that Plaintiff's past relevant work experience was not a composite job. (ECF No. 17, p. 1.) Plaintiff now asks this Court to reverse the Commissioner's final administrative decision and find her disabled, or alternatively to reverse and remand said decision. The Commissioner seeks the entry of an order affirming the decision of the ALJ that the Plaintiff was not disabled. Judge Strawbridge has recommended that this Court deny the Plaintiff's request and affirm the ALJ's decision. For the reasons set forth below, this Court overrules Plaintiff's Objections and approves and adopts Judge Strawbridge's R&R in its entirety.

### I. Judge Strawbridge properly employed the substantial evidence standard.

Plaintiff argues that Judge Strawbridge improperly treated the ALJ's determination of Plaintiff's past relevant work experience with deference and subject to review under the substantial evidence standard, rather than as a determination of law under plenary review. (ECF No. 14, p. 1.) Agency determination is given deference; therefore, courts review an ALJ's classification of past relevant work under the substantial evidence standard. *See Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (internal citations omitted) (finding that the ALJ was entitled to rely upon the vocational expert's responses as substantial evidence for his step 5 determination). Substantial evidence is evidence which a "reasonable mind might accept as adequate to support a conclusion." *Id*. The findings of the Commissioner of Social Security as to

any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405(g). Although the Court uses plenary review for all legal issues, *see Krysztoforski v. Chater*, 55 F.3d 857, 858 (3d Cir. 1995) (finding that courts must use plenary review as to applications of the law), the ALJ's decision is subjected to a more deferential standard when determining whether substantial evidence exists to support the Commissioner's decision. *See also Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000) (holding that courts must afford deference to ALJ's findings of fact if supported by substantial evidence in the record). A reviewing court may not "set the Commissioner's decision aside if it is supported by substantial evidence, even if [the reviewing court] would have decided the factual inquiry differently." *Hartranft*, 181 F.3d at 360. As case law acknowledges, Judge Strawbridge was correct in treating the ALJ's judgment with deference and subject to review under the substantial evidence standard.

**II.     Judge Strawbridge properly affirmed the ALJ's finding that Plaintiff's past work was not a composite job.**

Plaintiff argues that Judge Strawbridge failed to review the ALJ's determination that Plaintiff's past relevant work was not a composite job based upon applicable Social Security rules and policy statements. (ECF No. 14, p. 1.)  Plaintiff contends that her work involved elements of both "court clerk" and "file clerk" within the DOT, and argues that Judge Strawbridge erred in assessing what DOT title was best to describe Plaintiff's duties. (ECF No. 14, p. 9.)

During step four of the sequential evaluation process, which determines if a claimant is disabled, an ALJ must compare its residual functional capacity assessment with the physical and mental demands of claimant's past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). When significant variations exist between a claimant's description of past work and the DOT's

6

description of the work, an ALJ may consider whether the job is a composite job. *See* SSR 82-61 (clarifying the policy determining whether a claimant can perform his or her past relevant work). However, to qualify as a composite job, the job must contain substantial elements of two or more occupations and lack any counterpart in the DOT. *Id.* The position must also involve additional "main duties" from another DOT position, rather than "merely excessive function with the job duties from one DOT position." (ECF No. 13, p. 9.)

Judge Strawbridge was satisfied by the ALJ's "robust discussion" and reliance on the Vocational Expert's ("VE") testimony that Plaintiff's past work should be classified as "court clerk" under the DOT. The VE correctly concluded that Plaintiff was not performing a composite job which entails "significant elements of two or more occupations" and has no direct counterpart in the DOT. SSR 82-61. The VE testified that Plaintiff's position encompassed the "retrieval and carrying of files" whereas a file clerk position is one "where you're spending half your time in a seated position and half your time standing and walking." (ECF No. 13, pp. 11-12.) Being that Plaintiff describes her job as one where she is sitting for the majority of her time; comparing such explanation with that of the VE's explanation of a file clerk, this Court finds that Plaintiff's argument to classify her job as a composite job is inapposite. Said roles are different and do not classify as a composite job in accordance with Social Security Ruling 82-61.

Judge Strawbridge was unable to conclude that there is "less than a scintilla of evidence to support the ALJ's opinion," thereby finding, with substantial evidence, that Plaintiff's job was not a composite job. (ECF No. 13, p. 11.) This Court affirms Judge Strawbridge's and the ALJ's decision that Plaintiff's past work would be best characterized as "court clerk" in the DOT. Plaintiff's testimony that she "performed clerical duties for the judge, prepared cases for the next

day, sat below judge during trial and awaited instructions, and did 'a lot of writing'" coincides with the DOT's definition of "court clerk." (ECF No. 13, p. 12.)

Furthermore, this Court's role in reviewing the R&R and relevant evidence is highly deferential. 42 U.S.C. § 405(g); *see Fargnoli v. Halter*, 247 F.3d 34, 38 (3d Cir. 2001) (holding that the reviewing court is bound by the ALJ's findings when supported by substantial evidence, even if that court would have decided differently); *see also Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981) (noting that the ALJ is not required to provide comprehensive explanation for rejection of evidence.) To make said decision, the ALJ was bound to follow Social Security Ruling 82-61. As such, Judge Strawbridge found that the ALJ appropriately did so. In accordance with applicable case law, the ALJ thoroughly explained the factual and legal bases for the findings that led to the ultimate decision. *See Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981) (emphasizing that an ALJ's finding must contain an "explanation of the basis on which it rests.") Judge Strawbridge therefore did not recommend remand and this Court affirms. Additionally, this Court upholds Judge Strawbridge's finding that the ALJ properly relied on the vocational expert's testimony, which rendered Plaintiff not disabled at step four of the sequential evaluation analysis because she could perform her court clerk job as "generally performed" in the national economy.

Upon independent review of the record *in toto* and consideration of the facts obtained therein, this Court finds that the ALJ's conclusions regarding Plaintiff's past relevant work are well supported by substantial evidence on the record. Accordingly, Plaintiff's objections to Judge Strawbridge's R&R are without merit.

## **CONCLUSION**

For the reasons set forth herein above, Plaintiff's objections to Judge Strawbridge's R&R are overruled and this Court approves and adopts the R&R.

BY THE COURT:

*/s/ C. Darnell Jones, II*
C. Darnell Jones, II        J.